UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FORREST E.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 19-5331-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at step five by relying on vocational expert ("VE") testimony that Plaintiff could perform jobs that exist in significant numbers in the national economy, despite Plaintiff's post-hearing challenge and request for a supplemental hearing. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1974, has a high school diploma and some college education, and has worked as a tractor-trailer truck driver. AR at 52, 60. Plaintiff was last gainfully employed in 2015. *Id.* at 231.

ORDER - 1

In October 2015, Plaintiff applied for benefits, alleging disability as of June 1, 2013. AR at 190-205. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 123-26, 131-38. After the ALJ conducted a hearing on October 25, 2017 (*id.* at 46-66), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-28.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

- Step one: Plaintiff has worked since the alleged onset date, but the work did not rise to the level of substantial gainful activity.

- Step two: Plaintiff has the following severe impairments: obesity; status post gastric bypass; history of traumatic brain injury with residual headaches; obstructive sleep apnea; left knee osteoarthritis and degenerative joint disease; and mental health conditions described as depression and attention deficit disorders.

- Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

- Residual Functional Capacity: Plaintiff can perform sedentary work with additional limitations: he can lift/carry 10 pounds occasionally and frequently. He can sit about six hours, and can stand and walk about two hours in an eight-hour workday. He can frequently stoop, and occasionally kneel and crawl. He must avoid concentrated exposure to cold, heat, vibration, and hazards such as machinery and heights. He can do simple routine work with occasional contact with the public.

- Step four: Plaintiff cannot perform past relevant work.

- Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-8. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1, 4.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. DISCUSSION

### A. The ALJ Did Not Err in Relying on the VE's Testimony Regarding Job Numbers

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). A VE may rely on his or her professional expertise to determine the number of available jobs, and an ALJ is entitled to rely

on a VE's testimony regarding job numbers. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017); *Rincon v. Colvin*, 636 Fed. Appx. 963, 964 (9th Cir. Feb. 17, 2016).

In this case, Plaintiff's counsel asked the VE to explain the basis for her testimony regarding the job numbers for the three jobs she had identified:

> [Plaintiff's counsel]: . . . And, as far as the numbers you provided, where did those come from?
>
> [VE]: Those are based on a variety of resources that I use. I use Bureau of Labor Statistics, U.S. Publishing. And, also, I perform labor market surveys, which allow me to make judgment calls on whether numbers appear to be accurate in the national economy.
>
> [Plaintiff's counsel]: Have you done a labor market survey on any of these three jobs?
>
> [VE]: I have. I've done them for both table worker, and lens inserter. I have not done them for masker.
>
> [Plaintiff's counsel]: Lens inserter says, "Fits lenses into plastic sunglass frames, and places frames on conveyer belts that passes under heat lamps, which softens frames, preparatory to setting of lenses." Last updated 1977.
>
> [VE]: Yes.
>
> [Plaintiff's counsel]: That's not automated now?
>
> [VE]: No, there are multiple occupations that allow for someone to sit at a workbench, and insert the lenses by hand.
>
> [Plaintiff's counsel]: So, they still do it like that?
>
> [VE]: Yes. I mean, there's both options. I've seen it in the job market where it's either produced mechanically, or it's produced – it depends on the type of setting, and the employer contact.
>
> [Plaintiff's counsel]: Okay. I have no further questions at the moment.

AR at 64-65.

After the hearing, Plaintiff filed supplemental materials challenging the job numbers identified by the VE for all three jobs identified, contending that the VE had inflated the job

ORDER - 4

numbers in light of reports from the Bureau of Census and Bureau of Labor Statistics. AR at 33-45, 286-87. Plaintiff requested that if the ALJ intended to rely on the VE's testimony, the ALJ schedule a supplemental hearing. *Id*. at 286. The ALJ denied Plaintiff's request for a supplemental hearing in the written decision, finding that Plaintiff's argument was not persuasive in light of Bureau of Labor Statistics reports for 2017 corroborating the VE's testimony, and in light of the VE's explanation for the foundation of her testimony. *Id*. at 27. Specifically, the ALJ found that Plaintiff had failed to provide a citation for the Bureau of Census report mentioned, and that the 2017 Bureau of Labor Statistics numbers shows that there were "more than 25,000 workers in the ophthalmic goods manufacturing industry[,]" which was consistent with the VE's identification of 25,000 lens inserter jobs nationally. *Id*. at 26-27.

Plaintiff renews his challenge to the VE's testimony in his briefing to this Court, arguing that the ALJ erred in denying his request for a supplemental hearing because the ALJ inadequately explained why he found the VE's testimony persuasive. (Dkt. # 10 at 5-8.) Plaintiff contends that the ALJ did not cite any reliable evidence corroborating the VE's job numbers as to the lens inserter position, and thus failed to meet the Commissioner's burden to show that the jobs identified at step five exist in significant numbers. (*Id.* at 5-7.) He argues that this error is harmful because the other two jobs identified at step five do not exist in significant numbers on their own. (*Id.* at 7.)

The Court finds that Plaintiff's lay assessment of job numbers is not sufficient to establish harmful legal error in the ALJ's decision. Plaintiff excerpted a Bureau of Census report that references 19,199 ophthalmic goods manufacturing jobs in 2015, with a 2.5% margin of error. AR at 33-34. Plaintiff also cited a Bureau of Labor Statistics report listing 251,670 total jobs in the production worker occupational classification, and he suggests that because

ORDER - 5

ophthalmic goods manufacturing jobs were not listed as one of the top five categories, it can be assumed that there must be fewer than 3,960 national jobs in that category. *See id.* at 37. Plaintiff has raised at most an alternative interpretation of the evidence regarding job numbers but has provided no expert opinion interpreting the data he relies upon as inconsistent with the VE's testimony. An alternative interpretation does not show error in the ALJ's decision. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Given that the VE provided a detailed explanation about how she calculated the job numbers, and because Plaintiff has offered only lay interpretation of the allegedly conflicting source material, Plaintiff has failed to establish that the ALJ's step-five findings lack the support of substantial evidence. *See, e.g.*, *Shaibi v. Saul*, 2019 WL 3530388, at *6-7 (E.D. Cal. Aug. 2, 2019); *Frayer v. Berryhill*, 2019 WL 1206747, at *5 (E.D. Cal. Mar. 14, 2019); *Harper v. Berryhill*, 2018 WL 6592446, at *5 (N.D. Cal. Dec. 14, 2018); *Kirby v. Berryhill*, 2018 WL 4927107, at * 4-5 (C.D. Cal. Oct. 10, 2018). A VE's "recognized expertise provides the necessary foundation for his or her testimony[,]" and the VE's testimony constitutes substantial evidence supporting the ALJ's step-five findings. *Bayliss*, 427 F.3d at 1217-18; *see also Reguero v. Berryhill*, 2018 WL 1804678, at *6 (C.D. Cal. Apr. 13, 2018) ("Notwithstanding Plaintiff's contentions, the ALJ was entitled to rely on the VE's testimony on job numbers, which constitutes substantial evidence."). Accordingly, the Court finds that Plaintiff has not established harmful legal error in the ALJ's step-five findings.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge